J-S25044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD PHILLIP VELTRE, | |
| Appellant | No. 21 WDA 2015 |

Appeal from the Judgment of Sentence December 15, 2014
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000318-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED MAY 06, 2015**

Appellant, Edward Phillip Veltre, appeals from the judgment of sentence after his negotiated guilty plea to possession of child pornography and related charges.  Specifically, he challenges the constitutionality of his registration requirement under the Sexual Offender Registration and Notification Act (SORNA).[1]  We affirm.

The sole issue raised in all three of Appellant's overlapping questions is whether the twenty-five year registration requirement imposed under SORNA (also known as the Adam Walsh Act) is unconstitutional under the United States and Pennsylvania constitutions.  (**See** Appellant's Brief, at 7,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9799.10–9799.41.

9). Appellant notes that the registration period exceeds the statutory maximums for the crimes to which he entered his plea, and his actual sentence of probation.[2] (*See id.* at 12). In support, Appellant cites *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003), which in pertinent part held that the Megan's Law II[3] registration, notification, and counseling requirements for sexually violent predators, did **not** constitute criminal punishment. (*See id.* at 964-65).

"Because the constitutionality of a statute is a question of law, our standard of review is *de novo* and our scope is plenary." *Commonwealth v. Baker*, 78 A.3d 1044, 1047 n.3 (Pa. 2013) (citation omitted).

In *Commonwealth v. McDonough*, 96 A.3d 1067 (Pa. Super. 2014), *appeal denied*, 108 A.3d 34, (Pa. 2015), this Court affirmed judgment of sentence, and rejected a similar challenge to the constitutionality of SORNA, citing the principles previously enunciated in *Commonwealth v. Gaffney*, 733 A.2d 616, 622 (Pa. 1999) and *Commonwealth v. Benner,* 853 A.2d 1068, 1070-71 (Pa. Super. 2004). *See McDonough*, *supra* at 1071.

Judgment of sentence affirmed.

_____

[2] Appellant was found not to be a sexually violent predator. (*See* Statement in Lieu of Opinion, 2/10/15). The court sentenced Appellant to a term of probation of four years, eleven months and twenty-nine days, and notified him of the twenty-five year registration requirement at the same time. (*See* Sentence Order, 12/15/14). The court denied his post-sentence motion for modification of sentence. (*See* Order, 12/19/14).

[3] Formerly 42 Pa.C.S.A. §§ 9791–9799.7.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2015